IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTY GUYAUX, as agent and Sister of GARY GUYAUX, an Incarcerated person, | Case No. |
| Plaintiff, | |
| v. | ELECTRONICALLY FILED |
| ALLEGHENY COUNTY; and ORLANDO HARPER, Warden of Allegheny County Jail, | |
| Defendants. | |

## COMPLAINT

### Jurisdiction and Venue

1. This case is brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, seeking declaratory, injunctive, and monetary relief.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4).

3. This Court is the appropriate venue under 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this action occurred in Allegheny County, Pennsylvania, within the Western District.

### Parties

4. At all times relevant herein, Plaintiff, Christy Guyaux ("Plaintiff"), lives in Allegheny County, has been the legal agent and sister of Gary Guyaux ("Guyaux"), pursuant to a Durable Power of Attorney, executed by Guyaux in favor of his sister.

5. Said Durable Power of Attorney, provides that the Plaintiff has the authority as to Guyaux's medical care, as follows:

1. To authorize my admission to a medical, nursing, residential or similar facility and to enter into agreements for my care;

2. To authorize medical and surgical procedures for me;

3. To consult with any physician, surgeon or other heal care provider relating to my medical condition and treatment;

4. To request, review and receive any information, verbal or written, regarding my physical or mental health, including, but not limited to, information in the possession of health care professional and hospital records;

5. To execute on my behalf any releases or other documents that may be required in order to obtain medical records or information;

6. To consent to the disclosure of medical records or information;

7. To execute any necessary waiver or release of liability required by a hospital or health care provider;

8. To execute any other document or form offered or required by any health care provider or hospital;

9. To authorize an autopsy;

10. To authorize anatomical gifts (organ donations) prior to my death.

11. To authorize and direct any physician, health care professional, health care provider, and medical care facility to provide to my Agent information relating to my physical and mental condition and the diagnosis, prognosis, care, and treatment thereof upon the request of my Agent. It is my intent that this authorization for my Agent to be considered a personal representative under privacy regulations related to protected health information and for my Agent to be entitled to all health information in the same manner as if I personally were making the request. This authorization and direction shall also be considered a consent to the release of such information under current and future regulations, laws and rules, including but not limited to, the express grant of authority to personal representatives as provided by Regulation Section 164.502(g) of Title 45 of the Code of Federal Regulations and the medical information privacy law and regulations generally referred to as HIPAA.

6. Gary Guyaux, is a sixty-six (66) year old man who suffers from severe congestive heart failure and has been an inmate at the Allegheny County Jail ("ACJ") Pennsylvania, since May 2016.

7. Defendant, Allegheny County is a county government organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 436 Grant Street, Pittsburgh, Pennsylvania 15219. Allegheny County operates the Allegheny County Jail, located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

8. Defendant, Orlando Harper ("Harper") is the warden at the Allegheny County Jail with his principal place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Harper is responsible for the oversight, operation and administration of the ACJ, including the implementation and enforcement of all disciplinary and medical policies. He is sued both in his official and individual capacities.

**Statement of Facts**

9. Guyaux was arrested on April 15, 2016 and has been an inmate at ACJ since that time.[1]

10. Shortly after Guyaux's initial arrest and while an inmate at ACJ, he was charged with three (3) Counts of Terroristic Threats 18 Pa.C.S. § 2706 A1, which are misdemeanors of the first degree.[2]

11. While Guyaux was awaiting trial on the aforesaid charges, he underwent no less than six (6) bail reviews.

12. These bail reviews ranged from either being denied outright or were "non-monetary" conditioned upon release to electronic home monitoring ("EHM") only, no contact with firearms, seizure of any firearms, and removal of any firearms from any proposed residence.

---

[1] The initial charges, were Possession of a Firearm without a License and Person Not to Possess a Firearm. Guyaux was acquitted of Possession of a Firearm Without a License and the second charge was dismissed via a pretrial Habeas Motion.

[2] Said charges stemmed from an "excited utterance" made by Guyaux during telephone call with the Plaintiff, whle an inmate at ACJ, during which Guyaux learned that a humane officer directed that one (1) of his dogs have a leg amputated.

13. Trial on the three charges for terroristic threats was heard by a jury on June 6, 2017 after which Guyaux was convicted of one (1) count of Terroristic Threats.

14. At the time of his conviction Guyaux had been incarcerated at ACJ for fourteen (14) consecutive months with, with thirteen (13) months attributable to the charges which resulted in his conviction.

15. At the time of his conviction, Guyaux had a prior record score of a true zero (0).

16. At the conclusion of the trial Guyaux, through his counsel waved his right to a Presentence Report and were prepared to proceed immediately to sentencing.

17. The trial court denied Guyaux's waiver, remanded Guyaux back to the ACJ, and ordered a Presentence Report.

18. Guyaux was sentenced on September 7, 2017. [3]

19. During said incarceration, Guyaux executed the aforesaid Power of Attorney in favor of his sister, the within Plaintiff.

20. At the time of his initial incarceration (April 2016) Guyaux had been diagnosed with medical issues pertaining to his heart.

21. Since his incarceration, Guyaux has been hospitalized on an emergent basis from 2017 to date.

22. During his hospitalization, it was determined that Guyaux's heart is working at merely a 12% capacity.

23. Notwithstanding, certain recommendations of medical and/or health care providers, Guyaux refused necessary surgical procedures, because he had severe fear that he would be "killed" as "payback" due to his having prevailed in a civil rights action against the North Fayette

---

[3] The conviction is pending on appeal at 1521 WDA 2017. However, despite two (2) orders issued by the Pennsylvania Superior Court to remit the record, the trial court has for over nine (9) months refused to comply with said Orders. As recently as April 18, 2018 the Superior Court issued a Second Notice to the trial court to provide the Court with the record in the criminal matter. A true and correct copy of the docket is attached hereto, marked as Exhibit "C" and made a part hereof. To date, the trial court has still failed to comply with the Notices of the Superior Court.

Police Department captioned, *Guyaux, et al vs. North Fayette Twp, et al*, in the US District Court for the Western District of Pennsylvania at Docket 2:94-cv-01266-WLS.

24. Upon return to ACJ, despite medical orders for medication, dietary restrictions or otherwise, Guyaux was and has been withheld.

25. As a result of ACJ's refusal to properly administer and maintain Guyaux's medications and/or dietary needs, his health has experienced a significant and life threatening decline.

26. For example, Guyaux is believed to have dropped in excess of thirty to forty (30-40) pounds in the last six (6) months, has become wheelchair bound and is experiencing extreme swelling in his lower extremities. True and correct copies of the Affidavits of the Plaintiff and George L. Saba, Esquire, which set forth in greater detail Guyaux's health issues, are attached hereto, marked as Exhibits "A" and "B," respectively, and made a part hereof.

27. In light of Guyaux's severe medical problems, believed to be congestive heart failure, the Defendants' refusal to provide him with regular, consistent and appropriate medical treatment, including failing to transport him to a hospital, constitutes deliberate indifference to serious medical harms.

28. The Eighth Amendment precludes the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.

29. ACJ and/or Harper, have violated Guyaux's Eighth Amendment rights, having acted deliberately indifferent to Guyaux's serious medical needs by intentionally denying or delaying his access to medical care or interfering with the treatment once prescribed.

30. Guyaux, as an inmate at ACJ, relies on Harper, the employees and medical staff at ACJ to treat his medical needs and as a direct result of their failure to do so, his medical needs have not been met, which has resulted in his physical torture or a lingering death.

31. Upon information and belief, testimony presented at a hearing will confirm the urgent need to transfer and maintain Guyaux in a hospital setting. See Exhibits "A" and "B".

32. Given Guyaux's congestive heart failure, the medical issues now plaguing him is life threatening.

33. Unless this Court grants immediate injunctive relief ordering Defendants to transfer Guyaux to an independent medical facility, he is in significant and imminent danger of serious medical, physical and psychiatric harm, for which he has no adequate remedy at law.

## Causes of Action

### COUNT I – Deliberate Indifference to Serious Medical and Mental Health Needs in Violation of the Eighth Amendment to the U.S. Constitution

34. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 33 of this Complaint as if fully set forth herein.

35. Defendants have acted with deliberate and callous indifference to Plaintiff's serious medical, physical and psychiatric needs by refusing him medication, dietary restrictions, and refusing to transport him to a medical hospital for necessary medical evaluation, monitoring and care in violation of the Eighth Amendment to the U.S. Constitution.

36. Guyaux has already suffered injury and damages as a result of Defendants' unconstitutional conduct, including but not limited to confinement to a wheelchair, open wounds on his lower extremities, difficulty breathing and other maladies which have caused him severe emotional distress, and harm to his physical and mental health.

37. The Defendants' conduct as described above is in wanton and reckless disregard of Guyaux's physical and mental health.

## Prayer for Relief

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A.  A declaratory judgment that Defendants' confinement of Guyaux in the ACJ without adequate medical and mental-health care violates Guyaux's rights under the Eight Amendment to the United States Constitution;

B.  An injunction—emergency, preliminary and permanent thereafter that Orders:

   i.  Defendants, and their officers, their agents, servants, employees, and attorneys to transfer Guyaux to an independent medical/health care facility, for evaluation by a medical and mental health care provider of Plaintiff's election;

   ii.  An independent medical and/or mental health care provider shall be authorized to treat Guyaux in the form and fashion as is medically necessary;

   iii.  The AJC shall, thereafter, be required to provide treatment to Guyaux in compliance with said medical and/or mental health care provider's directive;

   iv.  The Plaintiff, as "agent" for Guyaux shall have unfettered and regular access (bi-monthly) to and unredacted copies of any or all of Guyaux's medical and mental health care records, including but not limited to medication logs, surgical reports, lab tests, diagnostic studies or any other record related to Guyaux's medical and/or mental health;

C.  Grant attorneys' fees and costs; and

D.  Grant such other relief as the Court deems just and proper.

Dated:  July 20, 2018

    Respectfully submitted,

    GOLDBERG, KAMIN & GARVIN, LLP

    By:  */s/ Deborah R. Erbstein*
        DEBORAH R. ERBSTEIN, ESQUIRE
        derbstein@gkgattorneys.com

    By:  */s/ David A. Wolf*
        DAVID A. WOLF, ESQUIRE
        davidw@gkgattorneys.com

    1806 Frick Building
    437 Grant Street
    Pittsburgh, PA 15219
    P – 412-281-1119
    F – 412-281-1121

    *Counsel for Plaintiff, Christy Guyaux*
    *Agent and sister of Gary Guyaux,*
    *An incarcerated person*